IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **TINKA VASILLEVA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-04064 |
| | ) | |
| vs. | ) | Honorable Gary Feinerman |
| | ) | |
| **CITY OF CHICAGO, a municipal corporation,** | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**AMENDED COMPLAINT**

Plaintiff, TINKA VASSILEVA ("Vassileva"), by her attorney, hereby demands a jury trial and complains of the Defendant, CITY OF CHICAGO ("City"), as follows:

**I.     JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this case under the Civil Rights Acts of 1964, 42 U.S.C. Section 2000(e) *et seq.*, the judicial code, 28 U.S.C. Section 1331 and 1337, the 1991 Civil Rights Act, and the Constitution of the United States of America. Further, this matter is brought pursuant to the Illinois Human Rights Act 775 ILC5/2; 5/7a- 102(C)(4); 775 ILCS 5/8-111(A) Civil Actions.

2. The unlawful employment practices alleged below were committed within the Northern Judicial District of Illinois.

3. On March 18, 2019, the Plaintiff received a "Right to Sue" letter from the United States Department of Justice for EEOC Charge No. 21B-2018-01473. A copy of this letter is attached hereto as Exhibit A and made a part hereof. Among other things, the underlying administrative charges allege aiding and abetting, retaliation, national origin discrimination,

1

gender discrimination and age discrimination.

## II. PARTIES

4. At all times hereinafter mentioned, the Plaintiff was, and still is a citizen of Illinois. Her national origin is Bulgarian, and she is over the age of forty (40).

5. At all times relevant to this cause of action, the Department of Water Management was an agency of the City of Chicago. The Department of Water Management manages the supply and quality of fresh water to the City of Chicago and performs substantial operations in the Northern District of Illinois. Defendant is and, at all relevant times, was, an employer within the meaning of 42 U.S.C. Section 2000(e) *et seq.*, because it had 20 or more employees for each working day in each of the twenty or more calendar weeks in the year preceding the events that constitute the basis of Plaintiff's claim.

## III. STATEMENT OF FACTS

6. Vassileva was hired by Defendant in August of 2001, for the position of Filtration Engineer II, the position which she currently holds.

7. On or about January 4, 2008, Plaintiff interviewed for the position of Filtration Engineer IV, for which she was fully qualified. In addition to Plaintiff, five others including Harold Keaton and Krystyna Reschke interviewed for two available spots. The six candidates were given scores by each of four interviewers and the scores were then averaged.

8. Plaintiff received the second highest average score and the Deputy Commissioner, Bureau of Water Supply and the Assistant Chief Filtration Engineer recommended that Plaintiff be placed into one of the open FE-IV positions. However, Plaintiff was not promoted into either of the FE-IV positions, both of which remained opened until September 2015.

9. In both December 2008 and July 2009, Plaintiff was laid off from the Department of Water

Management even though others had less seniority. Syed Raheem, who had worked for the City's Department of Transportation and never for the Water Department, was transferred to the Water Department, and used his bumping rights to take Plaintiff's FE-II position. However, Mr. Raheem did not perform the job duties of a FE-II at this time and instead, performed the job duties of a Sanitary Inspector for Water Quality. Meanwhile, Defendant refused to fill the two open FE-IV positions for which Plaintiff was qualified and for which she had been recommended.

10. In May 2011, Plaintiff was rehired into a FE-II position. Other engineers, with less seniority than Plaintiff were hired, transferred from different departments, and promoted between 2008 and 2011.

11. Throughout her years as a filtration engineer, Plaintiff performed progressively increasing responsibilities in all sections within the Division of Water Treatment. Despite her increasing responsibilities, for much of this time, Plaintiff's supervisors refused to assign and/or recommend her for "acting up" positions. Thus, Plaintiff was doing the work of FE-III, FE-IV, and FE-V but was denied the commensurate pay.

12. In August 2015, Plaintiff applied for one of eight FE-IV positions, for which she was fully qualified. Candidates with less seniority, qualifications, and experience were selected to fill the positions. Jeffry Wyteniec, who was also an FE-II, was promoted at this time to FE-IV.

13. In late September 2016, Plaintiff applied for a vacant FE-V position, for which she was well qualified. In December 2016, the position was given to Harold Keaton who was less qualified than Plaintiff.

14. Defendant also engaged in other discriminatory acts at or about this time, including

3

subjecting Plaintiff to false disciplinary charges, improperly docking Plaintiff's paycheck, failing to allow Plaintiff to "act up," and denying Plaintiff overtime, training, and assignment to special projects.

15. In February 2017, Plaintiff filed charges with the Illinois Department of Human Rights and EEOC, alleging unequal terms and conditions of employment and failure to promote due to her sex.

16. In March 2017, Plaintiff filed charges with the Illinois Department of Human Rights and EEOC, alleging unequal terms and conditions of employment and failure to promote due to her national origin and age. In addition, Plaintiff alleged retaliation for having opposed discrimination on August 25, 2016, October 6, 2016, and February 3, 2017. The February and March 2017 charges are the subject of a prior complaint, entitled *Vassileva v. City of Chicago*, Case No. 1:18-cv-4595, currently pending before the Honorable Ronald Guzman.

17. In June 2018, Plaintiff filed charges with the Illinois Department of Human Rights and EEOC alleging aiding and abetting/coercion, retaliation, hostile work environment and discrimination based on gender, age, and national origin for acts occurring from approximately March 5, 2018 through the present. The instant suit concerns acts during this time.

18. Defendant continues to retaliate against Plaintiff because she had engaged in, and continues to engage in, protected activity, that is, opposing discrimination. This retaliation includes the following:

    a. During all relevant times, and in contrast to her similarly situated colleagues, Plaintiff has been denied the opportunity to work overtime, resulting in loss of pay;

    b. During all relevant times, and in contrast to her similarly situated colleagues, Plaintiff

  has been denied the opportunity to "act up," has been denied the opportunity to work on special assignments, and has been denied training, all of which has limited Plaintiff's ability to grow professionally and to increase her earning potential;

 c. During all relevant times, and in contrast to her similarly situated colleagues, Plaintiff has been denied the ability to fairly compete in the interview process; and

 d. During all relevant times, and in contrast to her similarly situated colleagues, Plaintiff has been subject to false disciplinary charges, her paycheck has been docked.

19. The aforesaid working conditions have created a hostile work environment. The severity and/or pervasiveness of the harassment altered her work environment and created an abusive working environment for Plaintiff, of which Defendants were fully aware. Because of this hostile work environment, Plaintiff lost wages and other benefits, suffered emotional pain, and received damage to her reputation.

20. Defendants created a hostile work environment against Plaintiff with malice or reckless indifference to her statutorily protected rights for which exemplary damages should be awarded.

21. Moreover, Plaintiff has been subjected to disparate working conditions from her similarly situated colleagues. Finally, Plaintiff has been denied pay and has endured other adverse job actions, including being directed by Defendants to perform job duties lower than her FE-II designation.

22. The City of Chicago, Department of Water Management, has taken these actions in direct retaliation for Plaintiff's complaints of sex, age, and national origin discrimination.

23. At all relevant time periods, Vassileva has adequately performed the job duties assigned to her.

## COUNT ONE – RETALIATION

24. As for Count I of this Complaint, Vassileva restates and realleges herein paragraphs 1 through 23.

25. From approximately March 5, 2018 through the present, Defendant continues to retaliate against Vassileva because she demanded to be treated equal to her similarly situated male, non-Bulgarian, and younger colleagues and because she participated in, and still participates in, the prosecution of her Title VII employment discrimination cases.

26. Defendant's continuous and pervasive harassment of Plaintiff has created a hostile working environment from which Plaintiff has substantially suffered.

27. Because of the discriminatory acts above described, Vassileva has experienced significant economic loss, including loss of wages and benefits, as well as severe emotional distress.

28. These acts are all in violation of the Civil Rights Acts of 1964, 42 U.S.C. Section 2000(e) *et seq*., the judicial code, 28 U.S.C. Section 1331 and 1337, the 1991 Civil Rights Act, and the Constitution of the United States of America.

WHEREFORE, TINKA VASSILEVA demands judgment against the Defendant and prays that this Court:

a. Award back pay, front pay, and any other lost compensation and benefits resulting from Defendants' discriminatory conduct ;

b. Award prejudgment interest at the prevailing rate on the award of back pay and lost compensation resulting from Defendants' discriminatory conduct ;

c. Award such compensatory and consequential damages in an amount to be determined at trial;

d. Award Plaintiff punitive damages in an amount to be determined at trial;

e. Award Plaintiff exemplary damages in an amount to be determined at trial;

f. Award Plaintiff nominal damages in an amount to be determined at trial;

g. Order Defendant to cease and desist the discrimination, harassment and retaliation of Plaintiff, and upon this cessation, place Plaintiff in the position of Filtration Engineer V;

h. Order Defendant to pay reasonable attorney's fees and other costs of this action; and

i. Award Plaintiff such other relief as the Court deems to be appropriate.

**COUNT TWO – NATIONAL ORIGIN, AGE, AND GENDER DISCRIMINATION**

29. As for Count II of this Complaint, Plaintiff restates and realleges herein paragraphs 1 through 28, and each of their sub-parts.

30. Upon information and belief, Defendant engages in discriminatory employment practices based upon national origin, age, and gender. That is, similarly situated non-Bulgarian, male colleagues under the age of forty have been treated more favorably than Plaintiff. In particular, and in addition to those things set forth in paragraph 18, *supra*:

   a. Plaintiff receives lower salary and pay increases than non-Bulgarian born, male filtration engineers under age 40 within the Department of Water Management;

   b. Plaintiff is less likely than non-Bulgarian born, male filtration engineers under age 40 to be promoted within the Department of Water Management;

   c. Plaintiff is disciplined more often than non-Bulgarian born male filtration engineers under age 40 within the Department of Water Management;

   d. The choice projects are assigned more often to non-Bulgarian born, male filtration engineers under age 40 within the Department of Water Management than to Plaintiff.

31. John Pope, Deputy Commissioner, Bureau of Water Services, Edwardo Salinas, Engineer of Water Purification, Yadi Babapour, Filtration Engineer V, Jacek Wroblewski, Filtration Engineer IV, and Marista Keating, Manager of Audit and Internal Controls, and each of them, are employees of the Defendant. Each of these individuals, while acting within the course and scope of their employment, have participated in said discriminatory practices and have aided and abetted the City in retaliating against Plaintiff and in perpetuating the discrimination against Plaintiff.

32. Because of the treatment described above, Plaintiff has experienced significant economic loss, including loss of wages and benefits, as well as severe emotional distress.

33. Each of the acts described are in violation of the Civil Rights Acts of 1964, 42 Section 2000(e) *et seq.*, the judicial code, 28 U.S.C. Section 1331 and 1337, the 1991 Civil Rights Act, and the Constitution of the United States of America.

    WHEREFORE, TINKA VASSILEVA demands judgment against the Defendant and prays that this Court:

    a. Award back pay, front pay, and any other lost compensation and benefits resulting from Defendant's discriminatory conduct;

    b. Award prejudgment interest at the prevailing rate on the award of back pay and lost compensation resulting from Defendant's discriminatory conduct ;

    c. Award such compensatory and consequential damages in an amount to be determined at trial;

    d. Award Plaintiff punitive damages in an amount to be determined at trial;

    e. Award Plaintiff exemplary damages in an amount to be determined at trial;

    f. Award Plaintiff nominal damages in an amount to be determined at trial;

    g.  Order Defendant to cease and desist the discrimination, harassment and retaliation of Plaintiff, and upon this cessation, place Plaintiff in the position of Filtration Engineer V;

    h.  Order Defendant to pay reasonable attorney's fees and other costs of this action; and

    i.  Award Plaintiff such other relief as the Court deems to be appropriate.

Respectfully submitted,
TINKA VASSILEVA

/s/ Deidre Baumann
_____
By:    Her Attorney

Baumann & Shuldiner
20 South Clark, Suite 500
Chicago, IL 60603
(312) 558-3119